UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY HINES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:20-cv-432-JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner Anthony Hines's application for writ of habeas pursuant to 28 U.S.C. § 2241, in which he challenges the execution of his sentence. Petitioner has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis* in this action. Nevertheless, it would be futile to direct petitioner to either pay the fee or seek such leave, as the petition is subject to dismissal.

Petitioner is a federal prisoner who currently resides at USP Coleman I, in Florida. In the instant petition, he does not challenge the validity of his conviction or sentence. Instead, he challenges the execution of his sentence. Specifically, he alleges that the Federal Bureau of Prisons ("BOP") has improperly calculated the length of his sentence because it failed to run his sentences concurrently, and failed to properly account for his jail time credit and good conduct credit.

Petitioner's claims that the BOP has improperly calculated the length of his sentence are not properly before this Court because it does not appear that petitioner has administratively exhausted such claims. Administrative procedures exist within the BOP for resolution of claims such as the ones petitioner asserts in the instant petition. *See Rogers v. United States,* 180 F.3d 349, 358 (1st Cir. 1999). "A prisoner may bring a habeas action challenging the BOP's execution

of his sentence only if he first presents his claim to the BOP." *Mathena v. United States,* 577 F.3d 943, 946 (8th Cir. 2009). Here, petitioner presents no verification that he exhausted his administrative remedies within the BOP, nor does he even allege he did so. As a result, this Court cannot grant petitioner relief on his claims, and must dismiss the petition. Additionally, the Court notes that even if petitioner had demonstrated that he administratively exhausted his claims, this Court would lack jurisdiction over the petition because petitioner is not physically confined within this district, nor does it appear there is a custodian present in this district over whom this Court would have jurisdiction.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner herein has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 relating to the execution of his sentence is **DENIED AND DISMISSED due to petitioner's failure to exhaust his administrative remedies**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this ___14th____ day of May, 2020.

        \s\  Jean C. Hamilton
        JEAN C. HAMILTON
        UNITED STATES DISTRICT JUDGE